**BHP PETROLEUM SOUTH PACIFIC, INC., Plaintiff,**

**v.**

**DAITOH TRADING COMPANY, KOREA DEEP SEA
FISHERIES, and IN SAENG LEE, Defendants.**

High Court of American Samoa
Trial Division

CA No. 33-97

April 27, 1997

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, LOGOAI,
Associate Judge.

Counsel: For Plaintiff, Katopau T. Ainuu
For Defendant Korea Deep Sea Fisheries, Malaetasi M.
Togafau
For Defendant In Saeng Lee, Marshall Ashley

## ORDER DENYING MOTION TO DISMISS

### Introduction

On March 31, 1997, Plaintiff BHP Petroleum South Pacific, Inc., ("BHP"), filed a complaint in the Trial Division of the High Court against Daitoh Trading Company ("Daitoh"), Korea Deep Sea Fisheries ("KDSF"), and In Saeng Lee ("Lee"), the owner of Korea Deep Sea Fisheries. In that complaint, BHP alleges that "defendants" purchased petroleum products "on account" from BHP and that BHP delivered the petroleum products to Daitoh's fishing vessel, the Sam Song #601, on October 26, 1991. BHP further alleges in the complaint that the "defendants" made payments of $79,069.72 on the account, but failed to pay the $10,959.58 balance on the original $90,029.30 debt, and failed to respond when BHP sent demand letters dated September 14, 1994 and January 31, 1997.

Though an affidavit on file with the court states that Daitoh has been served a copy of the complaint and summons, Daitoh has not responded to the complaint, nor participated in subsequent proceedings.

KDSF did not file an answer to the complaint, and instead filed a "motion to dismiss" pursuant to T.C.R.C.P. 12(b) on April 24, 1997. The court completed a hearing on the motion on June 23, 1997.

### Discussion

■■■ The file in this matter contains KDSF's "Memorandum in Support of Motion to Dismiss." However, the file contains no proof that KDSF properly served BHP with its memorandum in support of the motion to dismiss. T.C.R.C.P. 5. In fact, we cannot comprehend how KDSF *could* have properly served BHP under T.C.R.C.P. 6(d). T.C.R.C.P. 6(d) states that "supporting memorandum may be served not later than 3 days before the hearing, unless the court permits them to be served at some other time." T.C.R.C.P. 6(a) states that "[w]hen the period of time prescribed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In the instant case, the memorandum was filed on Friday, June 20, 1997. The hearing was held on Monday, June 23, 1997. Thus, excluding the intermediate Saturday and Sunday, the memorandum was filed 1 day before the hearing. Therefore, we conclude that KDSF's memorandum was improperly served, and we strike it from the record.

■■■ Therefore, we turn our attention exclusively to KDSF's motion to dismiss filed April 24, 1997. Upon closer review, we find that KDSF's "motion to dismiss" is essentially a motion for judgment on the pleadings and will be treated as a motion for summary judgment under

61

T.C.R.C.P. 56. *See* T.C.R.C.P. 12(b),(c). Summary judgment is only appropriate when there is no "genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. T.C.R.C.P. 56(c); *YKL Japan Ltd., v. F/V Korbee #1*, 25 A.S.R.2d 122, 124 (Trial Div. 1994) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 (1986)). The non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Id.* (citing *Ah Mai v. American Samoa Gov't*, 11 A.S.R.2d 133, 136 (Trial Div. 1989)).

KDSF's terse motion for summary judgment avers that "the Complaint states that the debt has been outstanding since November 26, 1991 . . . no written contract exist[s]," and that KDSF's suit violates the three year statute of limitations for actions on unwritten contracts. A.S.C.A. § 43.0120(3).

■ First, there appears to be a genuine issue of fact as to whether or not there was a written agreement, and, therefore, whether the ten year statute of limitations for actions on written contracts applies to this case. A.S.C.A. § 43.0120(5). BHP has filed an affidavit supporting its contention that when KDSF received the petroleum products, KDSF agents or employees signed a "Delivery Notice" containing a demand for payment of the entire $90,029.30 debt. *See* Affidavit of Ruta Fou, paragraphs 11-12. If we assume, as we must, that BHP's version of the facts is accurate and true, then the Delivery Notice would constitute a written contract. BHP's suit would then be subject to the 10-year statute of limitations for written contracts, and its Complaint filed on March 31, 1997 would not be outside that limitations period.

■ Second, even if defendant is correct in asserting that the contract for sale of petroleum products was an "unwritten contract," we still could not dismiss this suit as beyond the three year limitations period for actions on unwritten contracts. A.S.C.A. § 43.0120(3). BHP has submitted an affidavit that alleges that KDSF promised to pay its debts in installments, and that it made its last payment in August, 1994. *See* Affidavit of Ruta Fou, paragraph 15. Thus, BHP is alleging that the breach of their agreement occurred at this juncture, not in 1991. If we assume, as we must, that BHP's version of the facts is accurate and true, then BHP did not violate A.S.C.A. § 43.0120(3) when it filed its complaint against KDSF on March 31, 1997, less than three years after the alleged breach of the "unwritten" contract.

Finally, we are compelled to note our frustration with KDSF's apparent expectation that this court undertakes research on its behalf--KDSF cites no authority in support of its bald assertions in its April 24, 1997, motion to dismiss.

'Accordingly, KDSF's motion to dismiss is DENIED. KDSF's memorandum in support of the motion to dismiss is stricken from the record.

It is so Ordered.